**In the Matter of the Supervised Administration of the ESTATE OF K.A., Deceased.**

**No. 11A04–0311–CV–590.**

Court of Appeals of Indiana.

April 30, 2004.

Christopher B. Gambill, Wagner Crawford Gambill & Trout, Terre Haute, IN, Attorney for Appellant.

Misty Y. McDonald, Wright Shagley & Lowery, Terre Haute, IN, Attorney for Appellee.

#### OPINION

KIRSCH, Chief Judge.

Robin Andrews (Mother), mother of K.A., deceased, and personal representa-

tive of K.A.'s estate, appeals the trial court's order instructing French Funeral Home to divide K.A.'s cremated remains equally between Mother and Dale Andrews (Father). Mother raises two issues on appeal, which we consolidate and restate as follows: whether the trial court erred by ordering the equal division of K.A.'s remains between Mother and Father as surviving parents.

We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

Mother and Father married on September 14, 1984 and divorced by Decree of Dissolution on March 26, 1996. Pursuant to the Decree, Mother received sole custody of the two children born of the marriage, K.A. and J.A., and Father was allowed regular visitation.

On August 6, 2003, K.A., then age seventeen, was killed in an automobile accident. Both Mother and Father participated in the plans for K.A.'s funeral. During a meeting at French Funeral Home, Mother indicated that she wanted to have K.A. cremated and that she did not want a headstone or memorial to be erected. Mother also stated that, prior to her death, K.A. expressed a desire to be cremated and her ashes divided and spread on the coasts of California, North Carolina, and Florida. Father did not object to Mother's plans at that time. In fact, both Mother and Father executed the "Cremation Authorization." *Appellant's Appendix* at 48. At some point following the meeting at the funeral home, Father's current wife (Stepmother) indicated to Mother that she and Father wanted to erect a memorial stone for K.A. between Father and Stepmother's burial plots. Mother expressed no objection to this request.

However, after the cremation was completed, a dispute arose between Mother and Father concerning the final disposition of the ashes. French Funeral Home declined to release K.A.'s remains pending a court order or until Mother and Father agreed upon the final disposition of the ashes. On September 11, 2003, Mother filed a petition for an order releasing the remains of the decedent. Thereafter, Father filed a petition for an order requesting equal division of K.A.'s remains between Mother and Father.

On September 25, 2003, the trial court held an evidentiary hearing and took the matter under advisement. On October 10, 2003, the trial court issued its order with findings of fact and conclusions of law instructing French Funeral Home to divide K.A.'s remains between Mother and Father. Specifically, the trial court stated that the funeral home should "allow [Father] to have not more than one-half of said remains, and [Mother] receive the balance thereof." *Appellant's Appendix* at 3. The trial court also sent a letter to counsel for each of the parties, suggesting that they file an appeal in order to establish a proper precedent so that no parents would be required to pursue this type of litigation in the future. In response, Mother filed a motion for stay prohibiting the distribution of K.A.'s remains. On October 14, 2003, the trial court granted the motion to stay and directed French Funeral Home to retain K.A.'s remains until further notice. Mother now appeals.

## DISCUSSION AND DECISION

On appeal from a bench trial, the appellate court will not set aside the judgment unless it is clearly erroneous. Ind. Trial Rule 52(A); *E & L Rental Equip. Inc. v. Wade Const., Inc.*, 752 N.E.2d 655, 658 (Ind.Ct.App.2001). We may affirm the judgment on any legal theory supported by the findings. *E & L Rental Equip.*

*Inc.,* 752 N.E.2d at 658. In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Breeden v. Breeden,* 678 N.E.2d 423, 425 (Ind.Ct.App.1997). The judgment is clearly erroneous only when it is unsupported by the findings of fact and conclusions entered on the findings. *Id.* Findings of fact are clearly erroneous only when the record lacks any evidence to support them. *Id.* In reviewing the findings and judgment entered by the trial court, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

Before her death, K.A. expressed her desire to be cremated and to have her remains divided and spread on the coasts of California, North Carolina, and Florida. Specifically, the record before us shows that K.A. attended the funeral of her friend's grandmother a few months before her own death. After attending this funeral, K.A. told Mother, J.A., and her mother's fiancé, Kendall Utter, about her wishes if she were to die. Mother asserts that she wants to fulfill K.A.'s desires by dividing and spreading her remains on the coasts of California, North Carolina, and Florida. Father and Stepmother want to erect a memorial stone in honor of K.A. and bury some of her remains between their burial plots. Father was not privy to the alleged discussion in which K.A. expressed her wishes for the division and disposition of her remains and he denies that these were K.A.'s wishes. Further, Father points out that K.A.'s wishes are not binding, nor would they be if she had taken steps to formalize them into writing. There is no legal precedent requiring that a decedent's testamentary wishes be observed or establishing them as superior to the wishes of those who survive the decedent.

■ Mother argues the trial court erred in ordering the equal distribution of K.A.'s remains between Mother and Father. Mother contends that a custodial parent has the right to determine the final disposition of a minor child's remains. Specifically, Mother maintains that the trial court should have followed the rationale of *Tully v. Pate,* 372 F.Supp. 1064 (D.S.C.1973). In *Tully,* the United States District Court for the District of South Carolina found that the parent to whom custody of the minor child was awarded has the paramount privilege of burial of the child. The reason for such a rule was plain. The *Tully* court held:

> Given the usual strained relations between divorced or separated parents, the chances are great for disagreement on burial plans. Given the bitterness between the parents in this case, the possibility of agreement between them was extremely remote. In such circumstances one or the other has to make the decisions or else a stalemate would result. The logical conclusion is that the parent having custody should also have the right to make the funeral and burial arrangements. This conclusion is practical as well as logical. The courts are saved from extended litigation over dead bodies, and from having the merits or demerits of the causes of the separation and custody re-litigated. The parents are spared having the misfortune of death turned into an instrument for inflicting abuse by one upon the other. The dead are accorded a modicum of respect, rather than being punted from one side to the other.

*Tully,* 372 F.Supp. at 1073.

Indiana has no case law that addresses the issue of whether a custodial parent has the right to make decisions regarding the disposition of a minor child's remains. However, IC 25–15–9–18 identifies for fu-

neral directors those persons authorized to make decisions about a decedent. It provides:

> The following persons, in the order of priority indicated, have the authority to designate the manner, type, and selection of the final disposition and interment of human remains:
>
> (1) The decedent's surviving spouse.
>
> (2) The decedent's surviving adult child or children. However, if the children cannot agree on the manner of final disposition, the personal representative of the decedent's estate.
>
> (3) The decedent's surviving parents.
>
> (4) The personal representative of the decedent's estate.

IC 25–15–9–18. IC 23–14–31–26, regarding persons who may authorize a cremation, also identifies surviving parent or parents. It states, in relevant part:

> The following persons, in the priority listed, have the right to serve as an authorizing agent:
>
> (3) The decedent's surviving parent. If the decedent is survived by both parents, either parent may serve as the authorizing agent unless the crematory authority receives a written objection to the cremation from the other parent.

IC 23–14–31–26(a)(3).

Given the sensitive nature and the specific facts of this case, we find that the trial court did not abuse its discretion in ordering the equal division of K.A.'s remains between Mother and Father. First, K.A.'s wishes allowed for the division of her ashes by the direction to spread them in differ-ent locales. Second, by acceding to such wishes, Mother also allows for a division of the remains. Moreover, neither IC 25–15–9–18 nor IC 23–14–31–26 distinguishes between a custodial and non-custodial parent. Finally, the practice of dividing the remains of a decedent among the survivors is common and acceptable in the funeral service industry. Susan French of French Funeral Home testified that the funeral industry has developed a market around the idea of dividing ashes. *See Transcript* at 10. Specifically, French testified that memento urns or keepsakes have been marketed to preserve divided ashes for surviving family members.[1]

In reaching its decision, the trial court considered K.A.'s desires for her remains as well as the wishes of both Mother and Father. The evidence supports the findings and the findings support the judgment. *See Breeden,* 678 N.E.2d at 425. Therefore, we conclude that the trial court did not abuse its discretion in ordering the equal distribution of K.A.'s remains between Mother and Father. Accordingly, we affirm the trial court's order instructing French Funeral Home to distribute K.A.'s remains equally between Mother and Father and remand for further proceedings consistent with this opinion.

Affirmed and remanded.

NAJAM, J., and RILEY, J., concur.

---

1. Mother also argues that the trial court erred in finding that the cremated remains of a minor child are subject to division between the minor child's heirs as inherited property. Father maintains that this finding was never made by the trial court and is not an issue on appeal. Father further contends, and we agree, that the statutes concerning the final disposition of human remains are analogous to the intestate laws, which also address the property-based rights of heirs with respect to a decedent's affairs. Here, the trial court looked to the intestate laws of Indiana for additional authority. The trial court's order was based on IC 23–14–31–26 and excluded J.A., who otherwise would have inherited under IC 29–1–2–1(d). The trial court did not find that the cremated remains of K.A. were subject to division between her heirs as inherited property.