910 So.2d 310 (2005)
Josephine KNIGHT, Appellant,
v.
John J. WINN, Commissioner of Education, Appellee.
No. 4DO4-3411.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
Rehearing Denied October 6, 2005.
*311 Mark F. Kelly of Kelly & McKee, P.A., Tampa, for appellant.
Steven G. Burton, P.A., and Kelly B. Holbrook of Broad and Cassel, Tampa, for appellee.
POLEN, J.
This appeal arises from the termination of Appellant, Josephine Knight, from her employment as a teacher with the St. Lucie County School Board and subsequent revocation of her education certificate by the Commissioner of Education (the Commissioner) and the Education Practices Commission. We affirm, holding that the Administrative Law Judge (ALJ) did not commit error by hearing the amended complaint after the original complaint was dismissed without prejudice, and that the Final Order was supported by competent, substantial evidence.
On December 17, 2002, the Commissioner of Education filed an Administrative Complaint against Knight alleging statutory and rule violations based on her inappropriate and verbally abusive comments to students and an allegedly threatening letter of resignation. Subsequent to the filing of the Administrative Complaint, the State Legislature renumbered the pertinent statutes[1] relied on by the Commissioner.
At the administrative hearing, prior to addressing the merits, the Commissioner sought to amend: (1) the style of the case because Charlie Crist had been replaced as the Commissioner of Education by Jim Horn[2]; and (2) the renumbering of the applicable statutes. Knight did not object to the amending of the style; however she objected to amending the Complaint, arguing that there were substantive changes to the applicable statute. Judge Lerner deferred his ruling on Knight's objection until after the hearing so that the issue could be fully argued. The Commissioner, not wanting to re-argue the case due to Judge Lerner's deferred ruling, decided to voluntarily dismiss the Complaint without prejudice to re-file with the correct statute numbers. Knight objected again, arguing that a voluntary dismissal would be with prejudice. Judge Lerner issued an order dismissing the case without prejudice to re-file a subsequent administrative complaint.
On July 15, 2003, the Commissioner filed a new Administrative Complaint against Knight, which included all of the allegations in the previous case in addition to a number of new allegations. Knight filed *312 an answer denying the allegations and raising the affirmative defense that this case is barred by the prior voluntary dismissal. At the hearing, the Commissioner presented evidence from Knight's former students, their parents, her co-workers, and others that Knight engaged in inappropriate behavior, despite the fact that Knight had received satisfactory evaluations during the same time period. A letter of resignation was also admitted into evidence, in which Knight stated: "no one should be [subjected to this] in the workplace" and the conditions "almost define going postal." The School Board interpreted this letter as a threat.
Following the administrative hearing and submission of the Board's Proposed Recommended Order, Judge Cohen entered his Recommended Order, concluding that Knight committed the alleged statutory and rule violations which provided the basis for her termination. The Recommended Order found the merits of Knight's procedural argument unpersuasive and untimely because she failed to file a motion to dismiss. It recommended Knight's education certificate be suspended for ten (10) years. Subsequently, the Board entered a Final Order adopting the findings of fact, conclusions of law, and recommendation of the ALJ. This appeal followed.
First, because the issue of whether the ALJ erred by hearing the Commissioner's July 15, 2003 Administrative Complaint after the previous Complaint had been dismissed without prejudice is a pure question of law, we review it under the de novo standard of review. State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla.2001); see, e.g. Phillip J. Padovano, Florida Appellate Practice § 9.4 (2003). The authority to seek a dismissal of an Administrative Complaint without prejudice is found in the Florida Administrative Code Rule 28-106.201(4), which provides:
A petition shall be dismissed if it is not in substantial compliance with subsection (2) of this rule or it has been untimely filed. Dismissal of a petition shall, at least once, be without prejudice to petitioner's filing a timely amended petition curing the defect, unless it conclusively appears from the face of the petition that the defect cannot be cured.
(Emphasis added.) In the case sub judice, the hearing of the Complaint against Knight was appropriate. The granting of the Commissioner's voluntary dismissal without prejudice by Judge Lerner at the December 22, 2002 hearing was provided for in the Florida Administrative Code, Rule 28-106.201(4). The Commissioner was within his right to exercise the dismissal provision in Rule 28-106.24, because the complaint did not have a defect on its face that could not be cured. Once cured, the Commissioner was free to re-file. As such, we find no error in court's decision to hear the amended complaint after the original complaint was dismissed without prejudice.
Second, Knight alleges that the Final Order was not supported by competent, substantial evidence. See § 120.68(7)(b), Fla. Stat. However, this court may not "substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact." Id.; see also Ferris v. Turlington, 510 So.2d 292, 294 (Fla.1987) (holding the revocation of a professional license is of sufficient gravity and magnitude to warrant a standard of proof greater than a mere preponderance of the evidence. . . . The correct standard for the revocation of a professional license such as that of a . . . teacher is that the evidence must be clear and convincing.).
*313 Despite the diversity of the allegations and the over-abundance of allegations contained in the Complaint, Knight challenges on appeal only the ALJ's finding that she had reduced effectiveness as a teacher. Knight fails to contest the accuracy of both the allegations and testimony offered by the Commissioner. Thus, we hold that there is sufficient record evidence, regarding Knight's competency and effectiveness, to meet the standard of clear and convincing evidence.
Based on the foregoing, we affirm the proceedings below and the resultant Final Order.
Affirmed.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] Sections 231.262 and 231.2615, Florida Statutes, were renumbered sections 1012.795 and 1012.796, Florida Statutes, respectively.
[2] John Winn is the current Commissioner of Education, and the appeal is styled with his name.