949 So.2d 1205 (2007)
SUMNER GROUP, INC. d/b/a Copying Concepts Office Systems, Appellant,
v.
M.C. DISTRIBUTEC, INC. and Mathatia Cohen a/k/a Matt Cohen, Appellees.
No. 4D06-798.
District Court of Appeal of Florida, Fourth District.
March 7, 2007.
*1206 Justin D. Jacobson of Jacobson, Sobo & Moselle, Plantation, for appellant.
No appearance for appellees.
TAYLOR, J.
Sumner Group, Inc. sued its customer, M.C. Distributec, Inc., and its principal, Mathatia Cohen, for passing a worthless check in the amount of $7,547.43 and for breach of the written sales contract in that same amount. The written agreement attached to the complaint provided that Sumner Group would be entitled to "reasonable attorney's fees" incurred in the collection of the obligation. The complaint sought attorney's fees under both the worthless check statute, § 68.065, Fla. Stat. (2005), and under the written agreement. The defendants failed to respond to the complaint, so defaults were entered against them.
Sumner Group's attorney filed an attorney's fee affidavit which showed that the attorney spent four hours in prosecuting the matter, that his reasonable hourly rate is $175.00 per hour, and that his firm took the matter on a totally contingent fee basis. He thus sought a contingency fee multiplier of 2.0, for a total fee award of $1,400.
The trial court denied the motion for attorney's fees, without explanation. The trial court did indicate at the hearing that he would not grant a contingency fee because liability was clear and the collectibility of the judgment is not a factor that he can legally consider, noting that it would be difficult to determine whether a judgment will ever be collectible at the time of the attorney's fee hearing. The trial court stated that even if such a contingency multiplier were not barred as a matter of law, the plaintiff would, at a minimum, have to show that he had made unsuccessful efforts at collection, which he did not do in this case.
This appeal involves pure questions of law, which are reviewed de novo. Knight v. Winn, 910 So.2d 310, 312 (Fla. 4th DCA 2005). By virtue of the default, Sumner Group prevailed on its worthless check claim under Fla. Stat. § 68.065. Thus, an award of attorney's fees was mandatory. Alvarez v. Alvarez, 800 So.2d 280, 283-84 (Fla. 3d DCA 2001). Sumner Group also prevailed on its breach of contract claim. The written contract provided for an award of attorney's fees incurred in collection of the debt. The trial court thus had no discretion to deny the award of contractual attorney's fees. Jacobson v. Jacobson, 595 So.2d 292, 294 (Fla. 5th DCA 1992). Reversal for an award of attorney's fees is thus required on two independent bases.
Notwithstanding the trial court's denial of an award of attorney's fees, it clearly expressed its view that a contingency risk multiplier was not permissible *1207 based on the risk of non-collection. Sumner Group challenges this conclusion, but we need not decide that broad question.
In contract cases, the following factors must be considered in determining whether a multiplier is necessary:
(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in [Florida Patient's Compensation Fund v.] Rowe [472 So.2d 1145 (Fla.1985)] are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.
Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 834 (Fla.1990). "Evidence of these factors must be presented to justify the utilization of a multiplier." Id. Sumner Group did not establish that the market for collection cases requires a contingency risk multiplier to obtain competent counsel. Thus, the trial court was right to refuse a contingency risk multiplier in this collection case. See Askowitz v. Susan Feuer Interior Design, Inc., 563 So.2d 752, 754 (Fla. 3d DCA 1990) (stating that evidence that a multiplier is required in relevant market to attract competent counsel is mandatory). We therefore reverse and remand for an award of attorney's fees without a multiplier.
Reversed and Remanded.
WARNER, and GROSS, JJ., concur.