**Georgene KULP, Appellee**

v.

**David D. KULP, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 18, 2006.
Filed March 12, 2007.

Romilda P. Crocamo, Scranton, for appellant.

James J. O'Connor, Scranton, for appellee.

BEFORE: MUSMANNO, TODD and TAMILIA, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 David D. Kulp, Jr. ("Husband") appeals from the Order, which directed that the cremated remains of the deceased son of Husband and Georgene Kulp ("Wife") be divided into two separate urns, and allowed each party to place their urn at a site of his/her choice.[1] We vacate the Order and remand for further proceedings.

¶ 2 The trial court set forth the pertinent facts of this case as follows:

[Husband] has appealed our January 13, 2006 Order equally dividing the cre-

---

1. As the instant appeal comes to us in a divorce action, we refer to the parties as Husband and Wife.

mation ashes of [the parties'] only son ["Son"] into two separate urns with each party having the discretion to place their urn at a site of their choice ... The parties are involved in a divorce action filed by [Wife] ... on December 1, 2004. During the litigation[,] on August 15, 2005, [Husband] had sought interim counsel fees, costs and expenses and special and/or injunctive relief concerning the disposition of the ashes of [Son]. On October 21, 2005, the Court conducted a hearing on the issues raised by [Husband].

At the conclusion of the hearing[,] we entered [an] order dated October 21, 2005 in which we, among other things, directed [Son's] ashes to remain in the marital residence pending this Court's final order and directing the parties to submit memorand[a] of law on the disposition of the ashes.... After review of the parties' memorand[a], by way of December 8, 2005 Order, we directed the parties to appear for a conference in our courtroom on January 11, 2006 and to present each party's position with regard to the following alternatives:

> 1. That the ashes be buried in a memorial park or cemetery of mutual choice within Schuylkill County with a portion remaining in a keepsake for each party;
>
> 2. That the ashes be placed in an above-ground urn niche in a memorial park or cemetery of mutual choice within Schuylkill County;
>
> 3. That the ashes contained in the present urn be divided and placed in two separate urns with each party placing their individual urn at a site of their choosing.

We conducted the conference on January 11, 2006 and then entered the Order at issue. A timely appeal was taken by [Husband] contemporaneously with [Husband] filing a Request for Reconsideration. We denied the reconsideration request.

Trial Court Opinion, 4/6/06, at 1–2. Husband raises the following issues on appeal:

> 1. Did the trial court abuse its discretion by considering the ashes of the parties' deceased child to be property of the parties and divisible contrary to 20 Pa.C.S.A. § 305(c)?
>
> 2. Did the trial court abuse its discretion by ignoring and foregoing a factual analysis regarding reinterment per *Pettigrew v. Pettigrew*, 207 Pa. 313, 56 A. 878 (1904) and other supporting authorities?

*See* Brief of Appellant at 4.

¶ 3 We first must address whether the Order from which this appeal was taken is properly before us.

> This Court has held that an order granting special relief under the Divorce Code is not a final and appealable order, and has strongly suggested that the same result will obtain for an order denying special relief.

*Griffin v. Griffin*, 384 Pa.Super. 210, 558 A.2d 86, 90 (1989). However, such an Order may be appealable under the collateral order doctrine. *See Radakovich v. Radakovich*, 846 A.2d 709, 714–15 (Pa.Super.2004) (holding that an order entered in a non-final divorce action that awarded the parties' son an interest in a brokerage account was appealable as a collateral order). A collateral order is defined as follows in the Rules of Appellate Procedure:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review

is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313(b).

■ ¶ 4 In the instant case, the Order on appeal, relating to disposition of Son's remains, is separable from and collateral to the main cause of action, which involves divorce and the equitable distribution of marital property. Thus, the first prong of the collateral order doctrine is met.

¶ 5 We also conclude that the right involved is too important to be denied review, and that the question presented is such that, if review is postponed until final judgment in the case, the right may be irreparably lost. The right sought by Husband is the right to keep Son's remains intact and not divided. Husband also seeks to have Son's remains moved to a burial site. Due to the nature of the remains, and the hostility between the parties as demonstrated by the record, the relief which Husband seeks may be irreparably lost if review is postponed until final judgment in the case. Thus, we conclude that all three prongs of the collateral order doctrine are present in this case. Therefore, we will review the trial court's Order.

■ ¶ 6 Husband contends that the trial court abused its discretion by considering the remains of Son to be the parties' property and thus divisible, and by ignoring and foregoing a factual analysis regarding reinterment. We review an order disposing of a petition for special relief under an abuse of discretion standard of review. *See Johnson v. Johnson,* 908 A.2d 290, 295 (Pa.Super.2006). In addition, we note that, in matrimonial cases, the Divorce Code provides that

> the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this

part and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause. 23 Pa.C.S.A. 3323(f).

¶ 7 Husband relies on section 305(c) of the Probate, Estates, and Fiduciaries ("PEF") Code to assert that there is no property right in a decedent's remains. Husband also relies on *Pettigrew v. Pettigrew,* 207 Pa. 313, 56 A. 878 (1904) and *Novelli v. Carroll,* 278 Pa.Super. 141, 420 A.2d 469 (1980), in support of his argument. In addition, Husband asserts that the testimony before the trial court establishes that the parties had agreed to eventually bury Son's remains in a cemetery, specifically, Higher–Ups Cemetery.

¶ 8 Control of a decedent's remains is governed by section 305 of the PEF Code, which provides in pertinent part as follows:

> **§ 305. Right to dispose of a decedent's remains**
>
> **(a) General rule.**—The determination of the final disposition of a decedent's remains shall be as set forth in this section unless otherwise specifically provided by waiver and agreement of the person entitled to make such determination under this section, subject to the provisions of a valid will executed by the decedent and section 8611(a) (relating to persons who may execute anatomical gift).
>
> **Disposition of the remains of a deceased spouse.**—Absent an allegation of enduring estrangement, incompetence, contrary intent or waiver and agreement which is proven by clear and convincing evidence, a surviving spouse shall have the sole authority in all matters pertaining to the disposition of the remains of the decedent.

(c) **Disposition of the remains of others.**—If there is not a surviving spouse, absent an allegation of enduring estrangement, incompetence, contrary intent or waiver and agreement which is proven by clear and convincing evidence, the next of kin shall have sole authority in all matters pertaining to the disposition of the remains of the decedent.

20 Pa.C.S.A. § 305. Thus, according to the PEF Code, where a deceased person does not have a surviving spouse, the next of kin have the sole authority in matters concerning disposition of a decedent's remains "absent an allegation of enduring estrangement, incompetence, contrary intent or waiver and agreement." *Id.* § 305(c).[2]

¶ 9 The *Pettigrew* case, upon which Husband relies, is a central case in Pennsylvania law concerning burial rights. In *Pettigrew*, the Court held that the paramount right to control the body of a deceased person for interment is in the surviving spouse, and if there is no spouse, in the next of kin. *Id.* at 315, 56 A. 878. The Court summarized its holding as follows:

> The result of a full examination of the subject [of disposition of human remains] is that there is no universal rule applicable alike to all cases, but each must be considered in equity on its own merits, having due regard to the interests of the public, the wishes of the decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association. Subject to this general result, it may be laid down: First. That the paramount right [of control of the body for interment] is in the surviving husband or widow, and, if the parties were living in the normal relations of marriage, it will require a very strong case to justify a court in interfering with the wish of the survivor. Secondly. If there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent, as children of proper age, parents, brothers and sisters, or more distant kin, modified, it may be, by circumstances of special intimacy or association with the decedent. Thirdly[.] How far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but as against remoter connections, such wishes especially if strongly and recently expressed, should usually prevail. Fourthly. With regard to a reinterment in a different place, the same rules should apply, but with a presumption against removal growing stronger with the remoteness of connection with the decedent, and reserving always the right of the court to require reasonable cause to be shown for it.

*Id.* Thus, *Pettigrew* requires, in determining the disposition of a decedent's remains, that each case be considered on its own merits, the wishes of the decedent and the interests of the public be considered, the rights and feelings of the surviving spouse or next of kin are paramount, and a party seeking reinterment must demonstrate reasonable cause for such reinterment.

¶ 10 In *Novelli v. Carroll*, 278 Pa.Super. 141, 420 A.2d 469, this Court expanded the factors that must be considered by a court in deciding a request for reinterment.[3]

---

**2.** "Next of kin" are defined as "[t]he spouse and relatives by blood of the deceased in order that they be authorized to succeed to the deceased's estate under Chapter 21 (relating to intestate succession) as long as the person is an adult or an emancipated minor."

*Id.* § 305(e). Under the intestate statutes, if a decedent has no surviving spouse, then his estate goes to his issue, and if no issue, to his parents. 20 Pa.C.S.A. § 2103.

**3.** A question arises as to whether the instant case involves an original interment or a rein-

The Court set forth the following factors: (1) the degree of relationship that the party seeking reinterment bears to the decedent and the strength of that relationship; (2) the degree of relationship that the party seeking to prevent reinterment bears to the decedent; (3) the desire of the decedent, including the "general presumption that the decedent would not wish his remains to be disturbed," or a specific statement of desire by the decedent; (4) "the conduct of the party seeking reinterment, especially as it may relate to the circumstances of the original interment;" (5) the conduct of the person seeking to prevent reinterment; (6) "the length of time that has elapsed since the original interment;"[4] and (7) the strength of the reasons offered in favor of and in opposition to reinterment. *Id.* at 472–74.

¶ 11 The language of section 305 of the PEF Code supports Husband's position that the right to dispose of a decedent's remains is not a property right, but rather an "authority" to dispose of the remains. The *Pettigrew* case also supports this position. However, the question of whether the Court has the power to order division of the remains is not answered by the conclusion that the remains are not property. Here, the parties who have the authority to dispose of Son's remains are Son's next of kin, his parents. The next of kin disagree as to the appropriate disposition of the remains. Therefore, Husband sought the assistance of the court. As Wife has pointed out, a court hearing a case under the Divorce Code has "full equity power and jurisdiction" to issue injunctions or other necessary orders and to grant such relief "as equity and justice require." 23 Pa.C.S.A. § 3323(f).

¶ 12 Although there are no appellate cases involving division of cremated remains in this jurisdiction, we note that at least two other jurisdictions have permitted the division of such remains. In *Estate of K.A.*, 807 N.E.2d 748 (Ind.App. 2004), the appellate court approved a trial court's order directing that the cremated remains of the deceased child of the parties be divided equally between the parties. The appellate court reasoned that (1) division of the remains was consistent with the deceased child's own wishes that her remains be scattered in three different states; (2) the Indiana Code governing final disposition of remains does not distinguish between custodial and non-custodial parents; thus, the custodial parent, did not have a superior right to determine the disposition of the remains; and (3) testimony was offered that "the practice of dividing the remains of a decedent among the survivors is common and acceptable in the funeral service industry." *Id.* at 751; *see also Stewart v. Schwartz Brothers-Jeffer Memorial Chapel, Inc.*, 159 Misc.2d 884, 606 N.Y.S.2d 965 (1993) (expressing approval, in a dispute over whether the decedent desired cremation, of the parties' agreement to allow cremation of the decedent's body and to split the cremated remains).

¶ 13 In our view, the law does not prohibit a trial court from ordering the division of cremated remains where a dispute over the remains arises. Nevertheless, the issue is an extremely sensitive

terment. Son's cremated remains have not been "interred" in the earth, but rather have been placed in the marital home since the cremation. On the other hand, Husband is seeking to relocate Son's remains from their original location. On this basis, we find it helpful to take guidance from case law regarding reinterment.

4. "Generally, the sooner the person seeking reinterment acts after the original interment, the better the chance of obtaining reinterment." *Id.* at 474.

one. While the division of cremated remains may be common in the funeral industry and may be acceptable in many instances to the next of kin, in other cases, as in the case of Husband herein, the next of kin may believe that the division of cremated remains is offensive. The question thus presented is whether the trial court in the instant case abused its discretion in ordering the division of Son's remains.

¶ 14 As recognized by the Court in *Pettigrew*, the rights and feelings of the next of kin are paramount, where there is no surviving spouse, in determining the disposition of a decedent's remains. *Pettigrew*, 56 A. at 880. In the instant case, the parties stand on equal footing as Son's next of kin. *See* 20 Pa.C.S.A. § 305(c); *see also Estate of K.A.*, 807 N.E.2d at 751 (holding that, under Indiana law, one of two divorced parents does not have a superior right to determine the disposition of their child's remains). Given the extremely sensitive nature of this issue, and Husband's opposition to division of the remains, we conclude that the trial court abused its discretion in using its equitable powers to override the desires of one of the next of kin as to the division of Son's remains.

¶ 15 As to the issue of the placement of Son's remains, the factors set forth in *Pettigrew* and expanded in *Novelli* govern. The trial court did not specifically discuss these factors in its decision.

¶ 16 Because of our conclusion that the trial court abused its discretion in ordering that Son's remains be divided, we vacate the trial court's Order, and remand for reconsideration of the issue of placement of Son's cremated remains. On remand, the trial court shall consider and apply the factors set forth in *Pettigrew* and *Novelli* to the facts of this case.

¶ 17 Order vacated; case remanded for further proceedings in accordance with this Opinion; Superior Court jurisdiction relinquished.