HAZOURI, J.
 

 Andrea S. Steffens appeals the May 4, 2010 order determining beneficiaries in the estate of her husband, the decedent, Jeffrey E. Steffens. The petition was filed by Denise Evans, Jeffrey’s former wife, in her capacity as parent and natural guardian of S.S. and A.S., Jeffrey’s minor children. The order determined that Andrea waived all of her beneficial rights under Jeffrey’s last will and testament. On appeal, Andrea raises three issues: (1) the probate court erred in ruling that she waived her rights as a beneficiary under the will by executing the Post-Nuptial Agreement; (2) the probate court erred in refusing to allow her to present evidence; and (3) the probate court erred in failing to follow the procedures for adversary proceedings under the probate rules. We affirm, finding her issues to be without merit, and write only to address Andrea’s first challenge.
 

 On January 4, 2002, Jeffrey executed his last will and testament. At the time he executed his will, Jeffrey was married to Andrea, and he named her as a substantial beneficiary. The parties then contemplated separating, and on June 6, 2007, entered into a Posh-Nuptial Agreement. Andrea and Jeffrey remained married upon his death on January 9, 2009.
 

 Under the provisions of the Posh-Nuptial Agreement, both parties agreed to waive the following rights:
 

 Each party freely and voluntarily irrevocably waives all rights in the earnings, property and estate of the other as well
 
 *759
 
 as any right to alimony, support or any other monetary relief in the event of a dissolution of marriage or death, except as specifically provided herein.
 

 [[Image here]]
 

 4.
 
 WAIVER OF RIGHTS AGAINST SEPARATE PROPERTY.
 

 4.1 Except as is otherwise specifically provided in this Agreement, each party waives, relinquishes and releases all right, title and interest in and to any and all of the other party’s separate property (See Section 5) to which each party may otherwise be entitled as the spouse of the other party, widow or widower, heir at law, next of kin or distributee, upon or by virtue of a termination of the marriage of the parties by death, divorce, dissolution of marriage, annulment or otherwise, including, but not by way of limitation:
 

 4.1.1 Such rights as dower or curtesy, and statutory or other allowances to a spouse of a decedent;
 

 4.1.2 Distribution by way of intestacy, special equity, division of property, inheritance, equitable distribution, and descent and distribution;
 

 4.1.3 Preference of appointment as personal representative, guardian or curator of the estate of the other;
 

 4.1.4 Rights of election to share in the estate of the other;
 

 4.1.5 The rights of a surviving spouse to homestead; exempt property and family allowance, or any or all of the foregoing. As to “homestead real estate”, in Florida if a party is a permanent resident of Florida and owns and resides in a residence in Florida, then and in such event that residence will be considered a “homestead” under Florida law. During the owning party’s lifetime, if the owning party desires to convey the homestead the joinder of his or her spouse is required in any such convey-anee. Therefore, the non-owning party agrees to execute any instrument of conveyance at the owning party’s request. At the owning party’s death, if he or she is survived by a spouse, the surviving spouse is entitled to a life estate in any such homestead. The parties hereto acknowledge that they fully understand the rights he and she would have in the homestead under Florida law and waive those rights by this Agreement and specifically this Section 4.1.5.
 

 4.2 The waiver contained herein is to be broadly construed pursuant to Section 732.702,
 
 Florida Statutes.
 

 Following Jeffrey’s death, on January 27, 2009, Andrea filed a petition for administration. The probate court then entered an order admitting the will to probate and appointing Andrea the personal representative. On February 4, 2010, Denise filed a petition to determine beneficiaries, contending that section four of the Post-Nuptial Agreement contained a broad, reciprocal waiver in which Andrea waived all rights to Jeffrey’s separate property and estate. The probate court agreed and entered an order determining that “[t]he application of Paragraph 4.1 of the Post-Nuptial Agreement and Florida Statutes Section 732.702 creates a waiver of all of the Surviving Spouse’s rights under the Decedent’s will.” Andrea appealed.
 

 “Generally, interpretation of a document, such as a written contract, is a question of law rather than of fact.”
 
 Port-A-Weld, Inc. v. Padula & Wadsworth Constr., Inc.,
 
 984 So.2d 564, 568 (Fla. 4th DCA 2008) (citing
 
 Peacock Constr. Co. v. Modem Air Conditioning, Inc.,
 
 353 So.2d 840, 842 (Fla.1977)). “[P]ure questions of law ... are reviewed
 
 de novo.” Sumner Group, Inc. v. M.C. Distributee, Inc.,
 
 949 So.2d 1205, 1206 (Fla. 4th DCA 2007) (cit
 
 *760
 
 ing
 
 Knight v. Winn,
 
 910 So.2d 310, 312 (Fla. 4th DCA 2005)).
 

 In the instant case, the probate court did not err in determining that Andrea waived her right to be a beneficiary under the will by executing the Post-Nuptial Agreement. Section 732.702(1), Florida Statutes (2007), states that
 

 The rights of a surviving spouse to an elective share, intestate share, preter-mitted share, homestead, exempt property, family allowance, and preference in appointment as personal representative of an intestate estate or any of those rights, may be waived, wholly or partly, before or after marriage, by a written contract, agreement, or waiver, signed by the waiving party in the presence of two subscribing witnesses....
 
 Unless the waiver provides to the contrary, a waiver of “all rights,
 
 ”
 
 or equivalent language, in the property or estate of a present or prospective spouse, or a complete property settlement entered into after, or in anticipation of, separation, dissolution of marriage, or divorce, is a waiver of all rights to elective share, intestate share, pretermitted share, homestead, exempt property, family allowance, and preference in appointment as personal representative of an intestate estate, by the waiving party in the property of the other and a renunciation by the waiving party of all benefits that would otherwise pass to the waiving party from the other by intestate succession or by the provisions of any will executed before the written contract, agreement, or waiver.
 

 § 732.702(1), Fla. Stat. (2007) (emphasis added). Tracking the language in section 732.702(1), the Post-Nuptial Agreement refers to the parties waiving “all rights” several times:
 

 Each party freely and voluntarily irrevocably waives
 
 all rights in the earnings, property and estate of the other
 
 as well as any right to alimony, support or any other monetary relief in the event of a dissolution of marriage or death, except as specifically provided herein.
 

 [[Image here]]
 

 4.1 Except as is otherwise specifically provided in this Agreement,
 
 each party waives, relinquishes and releases all right, title and interest in and to any and all of the other party’s separate property
 
 (See Section 5) to which each party may otherwise be entitled as the spouse of the other party, widow or widower, heir at law, next of kin or distributee, upon or by virtue of a termination of the marriage of the parties by death, divorce, dissolution of marriage, annulment or otherwise....
 

 [[Image here]]
 

 4.2 The waiver contained herein is to be broadly construed pursuant to Section 732.702,
 
 Florida Statutes.
 

 (emphasis added.) Accordingly, as Jeffrey’s 2002 will was executed before the parties’ 2007 Post-Nuptial Agreement, the Post-Nuptial Agreement waived any benefits that would have passed to Andrea under the 2002 will.
 

 The Third District reached a similar result in
 
 Hulsh v. Hulsh,
 
 431 So.2d 658 (Fla. 3d DCA 1983). In
 
 Hulsh,
 
 the court examined whether the language of a post-will antenuptial agreement between the decedent and the widow was effective to waive the widow’s right to take under the will.
 
 Hulsh,
 
 431 So.2d at 660. Three days before the parties’ marriage, they agreed to
 

 expressly waive all rights which they might otherwise have or claim under the laws of the State of Florida, or any other jurisdiction, to the property of the other, including any such rights which might be claimed under the laws of dower, courtesy [sic], or the elective share of a
 
 *761
 
 spouse, or in any other manner by operation of law, and each hereby releases all marital property rights, including but not limited to homestead rights under the laws of the State of Florida or any other jurisdiction.
 

 Id.
 
 at 661. Ultimately, relying on section 732.702(1), the court determined that it had “no difficulty in deciding that the language of the antenuptial agreement was sufficient to waive Marcella’s rights to take under the provisions of Sheldon Hulsh’s will.”
 
 Id.
 
 at 662 (footnote omitted). Similarly, we find that the language of the Post-Nuptial Agreement waived Andrea’s rights to take under the provisions of Jeffrey’s will.
 

 Lastly, while Andrea cites section six of the Post-Nuptial Agreement as reserving her right to receive property under Jeffrey’s will, this is incorrect. Section six states:
 

 Notwithstanding the terms of this Agreement, either party shall have the right to voluntarily transfer or convey to the other party any property or interest therein, whether Separate Property or other property, which may be lawfully conveyed or transferred during his or her lifetime, or by will or otherwise upon death. Neither party intends by this Agreement to limit or restrict in any way the right and power of the other to receive any such voluntary transfer or conveyance. Such gifts shall not constitute an amendment to or other change in this Agreement, regardless of the extent or frequency of such gifts. Any gifts given by one party to the other
 
 hereafter
 
 shall constitute the receiving party’s separate property.
 

 (emphasis added.) Thus, section six unambiguously refers to transfers of property
 
 after the 2007 Post-Nuptial Agreement
 
 and would not reserve Andrea’s beneficiary rights under the 2002 will.
 

 Therefore, the trial court did not err in ruling that Andrea waived her right as a beneficiary under Jeffrey’s will in the Post>-Nuptial Agreement. Accordingly, we affirm the order determining beneficiaries.
 

 Affirmed.
 

 TAYLOR and LEVINE, JJ., concur.