MAY, J.
A father appeals a probate order determining that the son’s ashes were not “property” as defined by section 731.201(32), Fla. Stat. (2012), and therefore not subject to partition. We affirm.
The twenty-three year old son, single and without children, died in a tragic automobile accident. He left no will and no written or verbal instructions for disposition of his body. His parents are co-personal representatives of their son’s estate, and the sole beneficiaries.[1]
After their son’s death, the parents agreed to have his body cremated. They were unable, however, to agree on the final disposition of his ashes. The mother wanted to bury the son’s ashes in West Palm Beach, Florida. The father wanted to bury the son’s ashes in a family burial plot in Blue Ridge, Georgia.
The father petitioned the court to declare the ashes “property” to be partitioned under the probate code. This would allow each parent to dispose of half of the ashes as they desired. For religious reasons, the mother opposed having the ashes divided.
Specifically, the father requested the court to order that the ashes be divided into two containers, and the funeral be home directed to distribute the containers to the parties. After an evidentiary hearing, the trial court found that the ashes were not “property” subject to partition, and denied the father’s petition.
The court gave the co-personal representatives 30 days “to carry out their duties and responsibilities to finally dispose of [their son’s] remains ....” If they were unable to reach agreement, the court indicated that it might appoint a curator or other suitable person to carry out the task. From this order, the father has now appealed.
The father argues the trial court improperly relied on cases from other states with statutes that do not contain the same definition of “property” as Florida’s Probate Code. He argues that the ashes fit within the plain meaning of “property” as defined by section 731.201(32). The mother responds that the ashes are not “property,” and are not' subject to ownership. Rather, she argues the next of kin have only a limited possessory right to the remains for disposition purposes. We agree with the mother as did the trial court.
We have de novo review of this legal issue. Sumner Grp., Inc. v. M.C. Distributee, Inc., 949 So.2d 1205, 1206 (Fla. 4th DCA2007).
We are presented with an issue of first impression, for no Florida court has answered the precise issue posed. And so, we start by traveling back in history to reflect on how deceased bodies and ashes have been viewed over time. In 1753, Sir William Blackstone commented:
Pews in the church are somewhat of the same nature, which may descend by custom immemorial (without any ecclesiastical concurrence) from the ancestor to the heir. But though the heir has a property in the monuments and escutcheons of his ancestors, yet he has none in their bodies or ashes; nor can he *1178 bring any civil action against such as indecently at least, if not impiously, violate and disturb their remains, when dead and buried.
1 Sir William Blackstone, Commentaries on the Laws of England in Four Books 429 (Philadelphia, J.B. Lippencott Co. 1893), available at http://oll.libertyfund. org/title/2140 (emphasis added).
This non-property interest was again expressed in Regina v. Sharpe, (1857) 169 Eng. Rep. 959 (Crown) 960; Dears. & Bell 159, 161. There, a defendant appealed a misdemeanor conviction for wrongful removal of a corpse from a grave. Id. The court stated: “Our law recognises [sic] no property in a corpse, and the protection of the grave at common law, as contradistin-guished from ecclesiastical protection to consecrated ground, depends upon this form of indictment .... ” Id. (emphasis added).
The historical basis for this thinking was derived in part from the English view that “the secular tribunals would protect the monument, the winding-sheet, the grave-clothes, even down to the ribbon (now extant) which tied the queue; but the Church would guard the skull and bones.” In re Widening of Beekman Street, 4 Bradf. 508, 522 app. (1856) (historical note on the law of burial by the Honorable Samuel B. Ruggles, Referee)
Fast forward to today. Our probate code defines “property” as “both real and personal property or any interest in it and anything that may be the subject of ownership.” § 731.201(32), Fla. Stat. (2012). That definition has existed since 1975. Yet, as our supreme court has articulated, “[a]ll authorities generally agree that the next of kin have no property right in the remains of a decedent.” State v. Powell, 497 So.2d 1188, 1191 (Fla.1986) (emphasis added). The supreme court clarified its position in Kirksey v. Jemigan “to be consistent with the majority view that the right [to the remains] is limited to ‘possession of the body ... for the purpose of burial, sepulture or other lawful disposition ....’” Id. at 1191-92 (citing Kirksey v. Jernigan, 45 So.2d 188, 189 (Fla.1950)).
It reiterated its position again in 2001 in Crocker v. Pleasant, 778 So.2d 978, 988 (Fla.2001), acknowledging that “there is a legitimate claim of entitlement by the next of kin to possession of the remains of a decedent for burial or other lawful disposition.” But a claim of entitlement is not a property right, nor does it make the remains “property.”
Ashes are the decedent’s remains. Common law, our supreme court, and this Court have always held that a decedent’s remains are not property. See id.; see also Cohen v. Guardianship of Cohen, 896 So.2d 950, 954 (Fla. 4th DCA 2005) (“a dead body is not properly viewable as property or assets”).
The father relied on In re Estate of K.A., 807 N.E.2d 748 (Ind.Ct.App.2004), to support his request to partition the ashes. There, the child of a divorced couple was killed in an automobile accident. Id. at 749. The mother and father agreed to cremate the child’s remains, but disagreed on the disposition of the ashes. Id. Like here, the father petitioned for an order equally dividing the ashes. Id. After an evidentiary hearing, the trial court ordered that the ashes be divided, and the mother appealed. Id. The Indiana Court of Appeals affirmed, recognizing that “the practice of dividing the remains of a decedent among the survivors is common and acceptable in the funeral service industry” and “memento urns or keepsakes have been marketed to preserve divided ashes for surviving family members.” Id. at 751.
We, however, find K.A. easily distinguishable both legally and factually. First, the court specifically stated that the “trial court did not find that the cremated *1179 remains of K.A. were subject to division between her heirs as inherited property.” Id. at 751 n. 1. And second, applying the “clearly erroneous” standard of review, the appellate court held the evidence supported the trial court’s finding that K.A. wanted her ashes divided and spread at different locations. Id. at 750-51.
The mother and trial court relied instead on Kulp v. Kulp, 920 A.2d 867 (Pa.Super.Ct.2007). There, a couple disagreed over who should keep their child’s cremated remains in a divorce proceeding. Id. at 869. The trial court ordered that the ashes be divided evenly between the two parents, and the father appealed. Id. The appellate court reversed. Id. at 868.
[T]he issue is an extremely sensitive one. While the division of cremated remains may be common in the funeral industry and may be acceptable in many instances to the next of kin, in other cases, as in the case of Husband herein, the next of kin may believe that the division of cremated remains is offensive. The question thus presented is whether the trial court in the instant case abused its discretion in ordering the division of Son’s remains.
Id. at 872-73. The appellate court held the trial court had “abused its discretion in using its equitable powers to override the desires of one of the next of kin as to the division of Son’s remains.” Id. at 873.
We need not rely on either out-of-state case, but need only adhere to our own Florida precedent in declaring that the decedent’s remains are not “property.” In doing so, we adopt the words of Judge Warner in Cohen:
It is a sorrowful matter to have relatives disputing in court over the remains of the deceased. In this case in particular, there is no solution that will bring peace to all parties. We express our sympathies to both sides in their loss, which must be magnified by these proceedings. Cases such as this require the most sensitive exercise of the equitable powers of the trial courts. We are confident that the experienced trial judge exercised his power with due regard for the serious and emotional issues presented.
Cohen, 896 So.2d at 955.
Given the sensitive nature of the subject matter, and the fact that, historically, cremated remains have been treated the same as a body, neither constituting “property,” we decline to craft a policy at odds with our history and precedent. This is a matter best left to our legislature should it decide to address this sensitive policy issue.

Affirmed.

WARNER and LEVINE, JJ., concur.

. The parents were divorced prior to their son’s death.