ALD-050                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2107
_____

LAWRENCE HIGGINS,
                                    Appellant

v.

FRANK BONIN FUNERAL PARLOR; DONNA GEORGE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-14-cv-00581)
District Judge: Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 13, 2015

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: November 17, 2015)
_____

OPINION*
_____

PER CURIAM

      Lawrence Higgins appeals from an order of the District Court dismissing his

amended complaint with prejudice.  For the following reasons, we will summarily affirm.

      Higgins is incarcerated in the State of Texas.  His adult son, Jared Higgins, died in

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pennsylvania on December 28, 2012, and upon his death, the Frank J. Bonin Funeral Home of Hazelton, Pennsylvania undertook to make arrangements for disposing of Jared's remains.  His surviving spouse, Brandy Prast of Tennessee, was contacted by the Funeral Home and she waived her statutory right to dispose of her husband's remains in favor of his biological mother and Higgins' ex-wife, Donna George, apparently also of Hazelton, Pennsylvania, who then arranged for cremation on January 3, 2013.

Higgins filed suit in the United States District Court for the Middle District of Pennsylvania against the Funeral Home and Ms. George, alleging that the cremation was in violation of his rights as next of kin and not undertaken in accordance with the governing Pennsylvania statute, 20 Pa. Cons. Stat. Ann. § 305.  Higgins alleged that Jared and Brandy were "enduringly estranged," and that Brandy's waiver was fraudulently obtained by the conspiring defendants.  Higgins appeared to invoke jurisdiction in the federal courts on the ground that the written waiver executed by Jared's surviving spouse had crossed state lines.  Higgins demanded money damages.

The defendants moved separately to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  The Magistrate Judge filed a Report and Recommendation, in which he recommended that the motions be granted.  The Magistrate Judge noted the following deficiencies in the complaint: that the suit could not proceed under 42 U.S.C. § 1983 because the defendants are private parties and not state actors; that the complaint failed to state a plausible claim for fraud and conspiracy under Fed. R. Civ. P. 8(a), 9(b); that § 305 prescribes procedures for the disposition of human remains but nothing in the statute authorizes a cause of action for damages against funeral

directors or family members of the deceased; and that the facts alleged by Higgins did not describe a violation of § 305(b) and (c) by either of the defendants in any event. The District Court adopted the recommendation, but allowed Higgins to amend his complaint upon the completion of a similar lawsuit he had filed in Pennsylvania state court.[1]

When that state lawsuit was dismissed, Higgins filed an amended complaint, which restated and repeated his contention that the cremation of his son's remains was in violation of his rights and wishes, not undertaken in accordance with § 305, and based on a fraudulent waiver by the surviving spouse. He asserted jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a)(1). Higgins specifically alleged that the Funeral Home and Ms. George knew how to contact him in Texas but instead conspired to obtain a waiver from Jared's estranged wife in favor of Ms. George. He observed that he too is a next of kin, and he stated that he "was excluded because of his ex[-]wife[']s pure hate and for no other reason." In an apparent attempt to state his fraud claim with particularity, Higgins asserted that the written waiver executed by the surviving spouse was fraudulent because it was undated and not notarized. Higgins attached a copy of the Waiver of Rights obtained by the Funeral Home from the surviving spouse to his amended complaint.

The Magistrate Judge recommended that the amended complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), noting that it did not cure the previously-noted deficiencies. In an order entered on April 20, 2015, the District Court approved and adopted the Magistrate

---

[1] Higgins filed a similar lawsuit in the Luzerne County Court of Common Pleas in April, 2013.

Judge's Report and Recommendation and dismissed the amended complaint with prejudice.

Higgins appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. He argues, as he did in the proceedings below, that the Waiver of Rights is fraudulent because it is undated.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over Rule 12(b)(6) dismissals. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). Dismissal under Rule 12(b)(6) is proper where the amended complaint fails to state a claim upon which relief may be granted, such as where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Conclusory allegations are insufficient to survive a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Although we agree with the Magistrate Judge and the District Court that there is no private right of action for damages under 20 Pa. Cons. Stat. Ann. § 305 itself, Pennsylvania recognizes that one who wantonly mistreats or, acting without privilege, intentionally withholds the body of a decedent, is liable in tort to the member of the

4

decedent's family who is entitled to dispose of the body. <u>Papieves v. Lawrence</u>, 263 A.2d 118, 120 (Pa. 1970). This cause of action includes the right to recover money damages for physical harm resulting from mental suffering. <u>Id.</u> As a threshold matter, we note that Higgins did not allege physical harm. In addition to that pleading deficiency, we agree with the Magistrate Judge and the District Court that he also cannot state a plausible tort claim based on his allegation that § 305 was violated because that statute was not violated. Instead, Higgins forfeited his rights because he failed to comply with the statute's procedure for challenging the surviving spouse's rights.

Section 305(b) of the Pennsylvania Probate, Estates and Fiduciaries Code provides that the surviving spouse shall have the sole authority to dispose of a deceased spouse's remains, unless there is proof by clear and convincing evidence that the couple are "enduringly estranged" as follows:

> (b) Disposition of the remains of a deceased spouse. -- Absent an allegation of enduring estrangement, incompetence, contrary intent or waiver and agreement which is proven by clear and convincing evidence, a surviving spouse shall have the sole authority in all matters pertaining to the disposition of the remains of the decedent.

20 Pa. Cons. Stat. Ann. § 305(b). Enduring estrangement means "[a] physical and emotional separation from the deceased at the time of death of the person authorized by this section to determine the final disposition of the decedent's remains, which has existed for a period of time that clearly demonstrates an absence of due affection, trust and regard for the deceased." <u>Id.</u> at § 305(e).

To challenge the surviving spouse's right, a timely petition must be filed in state court. The statute provides that "[w]here a petition alleging enduring estrangement … is made within 48 hours of the death or discovery of the body of the decedent … a court

5

may order that no final disposition of the decedent's remains take place until a final determination is made on the petition." Id. at § 305(d).[2] Higgins does not allege that he filed this required petition.

We note that the statute further provides that "[i]f there is not a surviving spouse [and] absent an allegation of enduring estrangement …. which is proven by clear and convincing evidence, the next of kin shall have sole authority in all matters pertaining to the disposition of the remains of the decedent," id. at 305(c). Under the governing statute, that would be the deceased's parents, including Higgins *and* Ms. George, see 20 Pa. Cons. Stat. Ann. § 2103. The statute further provides that "[i]f two or more persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to dispose shall be determined by the court, with preference given to the person who had the closest relationship with the deceased," id. at § 305(d)(2). Unfortunately for Higgins, these provisions, which might have given him room for argument, only apply if there is no surviving spouse. We agree with him that Pennsylvania law respects the rights of the next of kin equally. See Kulp v. Kulp, 920 A.2d 867, 873 (Pa. Super. Ct. 2006) ("[T]he rights and feelings of the next of kin are paramount, where there is no surviving spouse[. Mother and Father] … stand on equal footing as Son's next of kin."). But the rights of the next of kin are only at issue if (a) there is no surviving spouse, or (b) a petition alleging enduring estrangement has been filed and proven. In short, Higgins failed to involve the state courts in a timely fashion in the first instance by filing the

---

[2] The person filing the petition must then give "[n]otice to each person with equal or higher precedence than the petitioner to the right to dispose of the decedent's remains and to his attorney if known and to the funeral home or other institution where the body is being held…." Id.

6

required petition under § 305(d) alleging enduring estrangement, and thus he cannot state a plausible tort claim based on a violation of § 305(c).

In order to overcome his failure to timely involve the state courts in the matter of his wishes for a burial, Higgins alleged in his amended complaint that the defendants engaged in a fraud and conspiracy to deprive him of his rights as next of kin by negotiating a waiver of rights from the surviving spouse in favor of Ms. George. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff may satisfy Rule 9(b)'s particularity requirement by alleging who made a misrepresentation to whom and the general content of the misrepresentation, or otherwise by "injecting precision and some measure of substantiation into their allegations of fraud." Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004) (citation omitted). See also Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (same).

Higgins' allegations of fraud do not satisfy Rule 9(b)'s particularity requirement. Something more must be alleged to state a plausible claim for fraud than that the written waiver obtained by the Funeral Home from Jared's surviving spouse was undated. Higgins' claim that Ms. George unlawfully conspired with the Funeral Home to achieve the right to dispose of their son's remains is speculative and conclusory. We have examined the written waiver and nothing on the face of this exhibit to the amended complaint suggests that the Funeral Home fraudulently obtained the surviving spouse's waiver. Moreover, the circumstances do not suggest fraud, given that Ms. George stands on equal footing with Higgins as Jared's next of kin, see Kulp, 920 A.2d at 873, and lives in the area, whereas Higgins is domiciled in a faraway state and his liberty is restricted.

7

The allegations of fraud simply are insufficient to survive a motion to dismiss.  See

Fowler, 578 F.3d at 210.

For the foregoing reasons, we will summarily affirm the order of the District Court

dismissing the amended complaint with prejudice.