J-A09007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN C. SMITH-MCCONNELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD T. THOMPSON FUNERAL HOME, | : | No. 1035 WDA 2020 |
| INC., AND TODD T. THOMPSON, | : | |
| FUNERAL DIRECTOR | : | |

Appeal from the Order Entered September 4, 2020
In the Court of Common Pleas of Blair County
Civil Division at No.:  2017 GN 2043

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED:  August 25, 2021**

Appellant Brian C. Smith-McConnell appeals from the September 4, 2020, order of the Court of Common Pleas of Blair County ("trial court"), which granted summary judgment in favor of Appellee/defendant Todd T. Thompson Funeral Home, Inc. (the "Funeral Home"),[1] and dismissed Appellant's negligence claims.  Upon review, we affirm.

On July 25, 2017, Appellant initiated the instant civil action by filing a writ of summons.  On November 29, 2017, Appellant filed a complaint against the Funeral Home and its funeral director, Todd T. Thompson, alleging, *inter*

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Todd T. Thompson, Funeral Director, is not a party to this appeal, even though he was sued in his personal capacity by Appellant.  As set forth below, the trial court sustained in part defendants' preliminary objections, dismissing all claims against Mr. Thompson.

*alia*, negligence and negligent infliction of emotional distress. Appellant alleged that his mother, Donna J. Smith, passed away intestate on September 20, 2015. Complaint, 11/29/17, at ¶ 9. According to Appellant, at the time of his mother's death, Appellant and his sister, Melinda Dawn Curry, were Ms. Smith's sole heirs and next of kin. *Id.* at ¶¶ 14-18. Appellant alleged that Ms. Curry and Appellees did not inform him of Ms. Smith's passing and that, unbeknownst to him, Ms. Curry made arrangement for Ms. Smith's funeral and burial. *Id.* at ¶¶ 20-23. Appellant further alleged that Appellees were aware of Appellant's existence and relationship to Ms. Smith following her death, and yet failed to notify him of her passing or the date and time of any funeral services. *Id.* at ¶¶ 24-25. Appellant alleged that Appellees and Ms. Curry intentionally delayed the publication of Ms. Smith's obituary by publishing it in the Altoona Mirror on the day of her funeral, which took place on September 23, 2015. *Id.* at ¶¶ 26-27. According to Appellant, he became aware of his mother's passing when, following the publication of the obituary, a relative called him at 10:10 a.m. on the morning of her funeral. *Id.* at ¶ 28. Upon learning of his mother's death, Appellant unsuccessfully attempted to reach Appellee Todd T. Thompson and Ms. Curry to delay the funeral services so that he could attend the same. *Id.* at ¶¶ 29-33. At that time, Appellant lived in Florida and his mother's funeral took place in Pennsylvania. *Id.* at ¶¶ 1, 29, 32, 36. Appellant alleged that, because of Appellees' actions, he was not only prevented from learning timely of his mother's passing, but also from "participating in his right to determine the handling of her remains,"

engaging in the "planning of her memorial services and selecting her "place of eternal rest," and attending her funeral and burial. *Id.* at ¶¶ 35-37. As a result, Appellant averred that he "has suffered indescribable emotional trauma, which has at times manifest[ed] itself in physical symptoms and pain." *Id.* at ¶ 39.

On June 7, 2018, following Appellees' filing of preliminary objections in the nature of a demurrer, the trial court struck counts 1, 4, 5, and 8 of the complaint, and provided Appellant an opportunity to amend counts 6 and 7, which relate to claims of negligence against Todd T. Thompson in his personal capacity. Appellant did not file an amended complaint. Thus, the scope of Appellant's action was narrowed in that his only surviving claims, counts 2 and 3, relate to the Funeral Home's alleged negligence and its alleged negligent infliction of emotional distress.

On July 13, 2018, the Funeral Home, the sole remaining defendant, filed an answer, denying the averments of the complaint and asserting new matter. Following the completion of discovery, the Funeral Home moved for summary judgment against Appellant, arguing that Appellant failed to establish that the Funeral Home owed him a duty of care. Motion for Summary Judgment, 9/9/2019, at ¶ 18. The Funeral Home also argued that Appellant failed to "meet the factual requirements to support" a claim for negligent infliction of emotional distress. *Id.* at ¶ 19.

On September 4, 2020,[2] following an oral argument held on July 20, 2020, the trial court granted the Funeral Home's motion for summary judgment as a matter of law. Appellant filed a motion for post-trial relief, which the trial court summarily denied. On September 29, 2020, Appellant appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. He complied, raising four assertions of error. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, adopting its September 4, 2020 opinion.

On appeal, Appellant presents four issues for our review, which we reproduce verbatim:

I.    Whether or not the honorable trial court erred or misapplied the law when it determined that Todd T. Thompson Funeral Home, Inc. and Todd T. Thompson, Funeral Director did not and/or should not owe a duty to [Appellant] and granted the [Funeral Home's] Motion for summary judgment?

II.   Whether or not the honorable trial court erred or misapplied the law when it determined that Pennsylvania law permits a funeral director to rely upon the representations offered by a purported next-of-kin of the deceased that a similarly situated next-of-kin known to the funeral director was estranged from the deceased, and therefore has sole authority to authorize and direct the funeral services and handling of the deceased person's remains without first requiring presentation of a will or a court order?

III.  Whether or not the honorable trial court erred or misapplied the law when it placed the authority to determine whether a next of kin is estranged from the deceased under 20 Pa.

---

[2] While filed on September 4, 2020, the order at issue was dated September 3, 2020.

- 4 -

C.S.A. § 305 with the funeral director as opposed to the Court of Common Pleas Orphans' Court Division?

IV. Whether or not the honorable trial court erred or misapplied the law when it found that this case did not fall into one of the recognized categories in which recovery is appropriate under a negligent infliction of emotional distress theory because there was no duty owed to [Appellant] and he was absent when the harmful acts occurred, which is the very cause of his injury, and dismissed this claim on summary judgment?

Appellant's Brief at 4-5 (unnecessary capitalizations omitted).[3] Distilled to their essence, Appellant's arguments touch on two overarching issues. First, whether the Funeral Home owed Appellant a common law or statutory duty to notify him of his mother's passing and to include him in planning and finalizing her burial and related services. Second, whether the trial court erred in concluding that Appellant's case did not fall into one of the four categories of negligent infliction of emotional distress in which recovery is appropriate.

We review a challenge to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P. No. 1035.2. The rule [provides] that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an

---

[3] Appellant combines issues 2 and 3 in the argument section of his brief, noting that they "rely on the same caselaw and reasoning." Appellant's Brief at 49.

issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted; brackets in original).

Instantly, upon careful review of the entire record, viewed in the light most favorable to Appellant as the non-moving party, and the relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellant's claims. **See** Trial Court Opinion, 9/4/20, at 6-24.

The trial court properly declined to create—and impose upon the Funeral Home—a common law duty to notify. Pennsylvania law burdens a plaintiff on a negligence claim to successfully establish the proverbial four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." **Estate of Swift by Swift v. Northeastern Hosp.**, 690 A.2d 719, 722 (Pa. Super. 1997), **appeal denied**, 701 A.2d 577 (Pa. 1997). "The burden of proving the existence of negligence rests upon the party who has asserted it." **Schmoyer by Schmoyer v. Mexico Forge, Inc.**, 649 A.2d 705, 707 (Pa. Super. 1994). "The mere fact that an accident has occurred does not entitle the injured person to a verdict. A plaintiff must show that the defendant owed a duty of care, and that this duty was breached." **Rauch v.**

*Mike-Mayer*, 783 A.2d 815, 824 n.8 (Pa. Super. 2001) (internal citations omitted), *appeal denied*, 793 A.2d 909 (Pa. 2002).

To impose a previously unarticulated common law duty, a court must analyze the factors set forth in *Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1169 (Pa. 2000). In *Althaus*, the Court observed:

> The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

*Althaus*, 756 A.2d at 1169. "No one of these five factors is dispositive. Rather, a duty will be found to exist where the balance of these factors weighs in favor of placing such a burden on a defendant." *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1009 (Pa. 2003).

The trial court correctly analyzed the *Althaus* factors. In so doing, the court found:

> (1) *the relationship between the parties*: [Appellant] is the son of the decedent and "next of kin" to the decedent. Ms. Curry engaged in a professional relationship with the [Funeral Home] to provide funeral and burial services. There was no relationship between [Appellant] and the [Funeral Home].
>
> (2) *the social utility of the actor's conduct*: [the Funeral Home], as do other funeral homes and funeral directors, provides a great social utility by virtue of the funeral and burial services they render to a family who is mourning the loss of a loved one.
>
> (3) *the nature of the risk imposed and the foreseeability of the harm incurred*: A funeral home and a funeral director

- 7 -

provide funeral and burial services to a family. They are under no duty to provide legal advice. There is nothing set forth in 49 Pa. Code § 13.201 that imposes any duty upon a licensed funeral director to advise or mandate to an heir who alleges estrangement to file a petition with the court under 20 Pa.C.S.A. § 305(d). [Appellant] has not presented any controlling authority to the court that imposes such a duty upon [the Funeral Home].

(4) *the consequences of imposing a duty upon the actor*: To impose a duty upon a licensed funeral director to mandate that every heir alleging estrangement regarding next of kin on equal footing first file a petition under [Section 305(d)] before rendering any funeral or burial services would result in such funeral director and funeral home being brought into the middle of any such family's disharmony and conflict. In addition, such would result in a delay in the rendering of services until after a petition is filed, a hearing is held and a court decision rendered. Such delay could potentially take weeks, if not months. Further, there exists any number of potential factual scenarios that would make it unduly burdensome to impose such a duty upon a funeral director, some of which were mentioned above.

(5) *the overall public interest in the proposed solution*: we cannot imagine there is any public interest in embroiling a funeral home and funeral director in the middle of family strife and disharmony. Such could even be potentially dangerous in situations wherein family members may have violent propensities.

There is already a procedure available to heirs to seek court intervention when estrangement is alleged. The duty to file a petition under [Section 305(d)] rests where it should, *i.e.*, upon the next of kin, and not the funeral director.

Trial Court Opinion, 9/4/20, at 18-20. Based on the foregoing, the trial court determined that the Funeral Home did not owe any common law duty to Appellant. **Id.** at 18-20.

Separately, the trial court determined that there was no statutory duty imposed upon the Funeral Home under Section 305 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. § 305, to notify Appellant of his mother's passing. *Id.* at 14. Section 305 provides in pertinent part:

> **(c) Disposition of the remains of others.--**If there is not a surviving spouse, absent an allegation of enduring estrangement, incompetence, contrary intent or waiver and agreement which is proven by clear and convincing evidence, the **next of kin shall have sole authority in all matters pertaining to the disposition of the remains of the decedent**.
>
> **(d) Procedure.--**Where a **petition alleging enduring estrangement**, incompetence, contrary intent or waiver and agreement is made within 48 hours of the death or discovery of the body of the decedent, whichever is later, a court may order that no final disposition of the decedent's remains take place until a final determination is made on the petition. **Notice to each person with equal or higher precedence than the petitioner to the right to dispose of the decedent's remains and to his attorney if known and to the funeral home or other institution where the body is being held must be provided concurrently with the filing of the petition**. A suitable bond may be required by the court.
>
> > (1) If the court determines that clear and convincing evidence establishes enduring estrangement, incompetence, contrary intent or waiver and agreement, the court shall enter an appropriate order regarding the final disposition which may include appointing an attorney in fact to arrange the final disposition, with reasonable costs chargeable to the estate.
> >
> > (2) If two persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to dispose shall be determined by the court, with preference given to the person who had the closest relationship with the deceased. If more than two persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to dispose shall be determined by the majority. Where two or more persons

with equal standing cannot reach a majority decision, the court shall make a final determination on disposition of the decedent's remains.

(3) If the court determines that the petition is not supported by a clear and convincing evidence, the court may award attorney fees. An award of attorney fees shall constitute a setoff against any claim by the petitioner against the estate.

20 Pa.C.S.A. § 305(c), (d) (emphasis added). As mentioned, the court correctly noted that Section 305 has no application to funeral homes or funeral directors. *Id.* Insofar as any duty exists under Section 305, it is a duty imposed upon the next of kin, here Appellant's sister Ms. Curry, to petition a court alleging estrangement. As the trial court reasoned:

[I]t was Ms. Curry's failure to file such a petition and notify [Appellant] of the passing of [their mother] that has placed the parties in their current situation. As next of kin on equal footing with [Appellant] and full knowledge of his existence and rights, it was incumbent upon Ms. Curry to file a petition alleging estrangement under Section 305 if she did not want him to be included in the selection and implementation of funeral and burial services.

*Id.* at 17-18. Finally, with respect to Appellant's claim for negligent infliction of emotional distress,[4] the trial court found that there were no facts alleged in any portion of the record that Appellant (1) was in a zone of danger in which he was at risk of an immediate physical injury, (2) had a contemporaneous

---

[4] Negligent infliction of emotional distress is restricted to four scenarios where: 1) the defendant had a contractual or fiduciary duty toward the plaintiff; 2) the plaintiff was subjected to a physical impact; 3) the plaintiff was in a "zone of danger," thereby reasonably experiencing a fear of impending physical injury; and 4) the plaintiff observed a tortious injury to a close relative. *Doe v. Philadelphia Community Health Alternatives AIDS Task Force*, 745 A.2d 25, 27 (Pa. Super. 2000).

perception of a tortious injury to a close relative, (3) suffered any type of substantive bodily injury, or (4) had a contractual or fiduciary relationship with the Funeral Home. *Id.* at 21-24. We, therefore, agree with the trial court's decision to grant summary judgment in favor of the Funeral Home. Accordingly, we affirm the trial court's September 4, 2020 order. We further direct that a copy of the trial court's September 4, 2020 opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2021

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

BRIAN C. SMITH-McCONNELL,　　　　:　　2017 GN 2043
　　　　　　　PLAINTIFF　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
TODD T. THOMPSON FUNERAL HOME,　　:
INC., and TODD T. THOMPSON, Funeral　:
Director,　　　　　　　　　　　　　　　:
　　　　　　　DEFENDANTS　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:

HON. TIMOTHY M. SULLIVAN　　　　　　PRESIDING JUDGE

JASON M. IMLER, ESQUIRE　　　　　　COUNSEL FOR PLAINTIFF
PETER B. SKEEL, ESQUIRE　　　　　　COUNSEL FOR DEFENDANTS


## OPINION AND ORDER


### FACTUAL/PROCEDURAL HISTORY:

**Donna J. Smith**, who resided in Roaring Spring, Blair County, Pennsylvania, passed away on September 20, 2015 at the age of 79 years. (Pl. Compl. ¶¶ 9-11). Mrs. Smith died intestate, and her husband had predeceased her. (Pl. Compl. ¶¶ 14-15). She was survived by her son, **Brian C. Smith-McConnell** (the Plaintiff herein), and her daughter, **Melinda Dawn Curry**. (Pl. Compl. ¶¶ 5-7). Ms. Curry resides in Roaring Spring, PA. (Pl. Compl. ¶ 8). Mr. Smith-McConnell is a resident of Orange Park, Florida. (Pl. Compl. ¶ 1).

1



EXHIBIT

"A"

PENGAD 800-631-6989

Upon her passing, Mrs. Smith's body was cared for by the Defendant, **Todd T. Thompson Funeral Home, Inc.**, a Pennsylvania Professional Corporation. Todd T. Thompson is a licensed funeral director in the Commonwealth of Pennsylvania and the funeral director at Todd T. Thompson Funeral Home, Inc. (Pl. Compl. ¶¶ 3-4 & 12). In his Complaint, the Plaintiff alleges that Ms. Curry took possession of the body of Mrs. Smith and made funeral and burial arrangements with the Defendant without contacting or notifying him. (Pl. Compl. ¶¶ 20-23). The Plaintiff claims that the Defendant, **Todd T. Thompson**, owner of Todd T. Thompson Funeral Home, conspired with Plaintiff's sister, Ms. Curry, to preclude Plaintiff from planning for and attending his mother's funeral and burial services which were held on September 23, 2015. (Pl. Compl. ¶ 55).

The Plaintiff alleges that he did not become aware of his mother's death until September 23, 2015, three days after her death, when he received a phone call from another relative who read the obituary. (Pl. Compl. ¶ 28). The Plaintiff claims that he attempted to call the Defendant and his sister a number of times in an effort to delay his mother's services so that he could travel from Florida to attend same, without success. (Pl. Compl. ¶¶ 29-33).

2

The Plaintiff originally filed a multi-count Complaint against the Defendants which included an alleged Violation of Obligations under the Pennsylvania Estates & Fiduciaries Code; Negligence; Negligent Infliction of Emotional Distress; and Intentional Infliction of Emotional Distress against the corporate funeral home (Counts I-IV), as well as the same claims against Todd T. Thompson in his personal capacity (Counts V-VIII).

On June 7, 2018, this Court issued an Order striking Counts I, IV, V, and VIII of the Complaint in response to the Defendants' Preliminary Objections in the Nature of a Demurrer. This Court also sustained Defendants' Preliminary Objection in the Nature of a Demurrer Pursuant to Rule 1028(A)(4) relative to the Alter Ego Theory for Piercing the Corporate Veil. As a result, Plaintiff was given an opportunity to amend the Complaint regarding Counts VI and VII alleging Negligence and Negligent Infliction of Emotional Distress against Todd T. Thompson in his personal capacity. Plaintiff did not file an Amended Complaint.

This leaves Plaintiff's claims contained in Counts II and III of the Complaint, Negligence and Negligent Infliction of Emotional Distress, against Todd T. Thompson Funeral Home, Inc., as the only remaining counts which are the subject of Defendant's Motion for Summary Judgment.

3

Defendant's Motion for Summary Judgment and Brief in Support was filed on September 9, 2019. Plaintiff filed Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support on October 9, 2019. Oral Argument on this matter was originally scheduled for January 22, 2020. By agreement of the parties, Oral Argument was continued to April 13, 2020. On April 8, 2020, this Court postponed said Oral Argument as a result of the extension of the statewide judicial emergency due to COVID-19. Oral Argument was held on July 20, 2020. We now proceed to disposition.

## STANDARD OF REVIEW:

The filing of a Motion for Summary Judgment is governed by **Pa.R.C.P. §1035.2** which reads as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which, in a jury trial, would require the issue to be submitted to a jury.

4

The party who brings the motion has the burden of proving that no genuine issues of fact exist. All doubts as to the existence of a genuine issue of material fact are to be resolved against the granting of summary judgment. *Penn Center House Inc. v. Hoffman*, 553 A.2d 900, 903 (Pa. 1989). The ultimate inquiry in deciding a Motion for Summary Judgment is whether the admissible evidence in the record, when considered in the light most favorable to the non-moving party, fails to establish a prima facie case. *Liles v. Balmer*, 567 A.2d 691, 692 (Pa. Super. 1989). In deciding whether a prima facie case is established, the Court must resolve all doubts against the moving party. *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991).

An entry of summary judgment may be granted only in cases where the right is clear and free of doubt. *Musser v. Vilsmeier Auction Company, Inc.*, 562 A.2d 279, 280 (Pa. 1989). The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *Davis v. Resources for Human Development, Inc.*, 770 A.2d 353, 357 (Pa. Super 2001). It is the Court's function in a summary judgment motion to determine only if there is a genuine issue

5

of material fact – not to determine the facts. *Washington Federal Savings and Loan Association v. Stein*, 515 A.2d 980, 981 (Pa. Super. 1986).

## DISCUSSION:

This suit arises out of the alleged failure of The Todd T. Thompson Funeral Home, Inc. (hereinafter "Thompson Funeral Home") to contact Mr. Smith-McConnell upon the death of his mother, Donna J. Smith, regarding the planning of funeral and burial services for Mrs. Smith and as a result, Mr. Smith-McConnell's inability to participate in and attend such services. Defendant's Motion for Summary Judgment concerns Counts II and III of the Complaint, Negligence and Negligence Infliction of Emotional Distress.

In his Complaint, the Plaintiff sets forth the following averments that are relevant to his claims of negligence and negligent infliction of emotional distress against Thompson Funeral Home.:

> "21. *Melinda Dawn Curry* made funeral arrangements with Todd T. Thompson for services and care of the body at the Todd T. Thompson Funeral Home without consultation with her brother, Brian C. Smith-McConnell, despite his legal right to participate in the decision. (emphasis added).

6

of material fact — not to determine the facts. *Washington Federal Savings and Loan Association v. Stein*, 515 A.2d 980, 981 (Pa. Super. 1986).

## DISCUSSION:

This suit arises out of the alleged failure of The Todd T. Thompson Funeral Home, Inc. (hereinafter "Thompson Funeral Home") to contact Mr. Smith-McConnell upon the death of his mother, Donna J. Smith, regarding the planning of funeral and burial services for Mrs. Smith and as a result, Mr. Smith-McConnell's inability to participate and attend such services. Defendant's Motion for Summary Judgment concerns Counts II and III of the Complaint, Negligence and Negligence Infliction of Emotional Distress.

In his Complaint, the Plaintiff sets forth the following averments that are relevant to his claims of negligence and negligent infliction of emotional distress against Thompson Funeral Home.:

> "21. *Melinda Dawn Curry* made funeral arrangements with Todd T. Thompson for services and care of the body at the Todd T. Thompson Funeral Home without consultation with her brother, Brian C. Smith-McConnell, despite his legal right to participate in the decision. (emphasis added).

22. Further, *Melinda Dawn Curry* also made burial arrangements, without contacting or notifying Brian C. Smith-McConnell, with Todd T. Thompson for additional services and the burial to occur at Greenlawn Cemetery located in Roaring Spring, Blair County, Pennsylvania. (emphasis added).

23. Todd T. Thompson set all of the aforementioned arrangements solely through discussions with Melinda Dawn Curry and never included Brian C. Smith-McConnell in the planning of these arrangements.

24. Todd T. Thompson was aware of Brian C. Smith-McConnell's existence and relationship to the deceased, as advised by Melinda Dawn Curry, yet failed to contact him as required by Pennsylvania Law...

27. Todd T. Thompson and Melinda Dawn Curry intentionally delayed the printing of the obituary of Donna J. Smith until the morning of the graveside service...

53. Further, Todd T. Thompson, funeral director, knew or should have known that he was also required by law to allow Brian C. Smith-McConnell to participate in the planning of services for his deceased mother.

54. Todd T. Thompson, funeral director, failed to contact Brian C. Smith-McConnell until after the services were completed....

57. Todd T. Thompson, funeral director, either knowingly or negligently failed to contact Brian C. Smith-McConnell until after services had been completed; even though he was aware that Brian C. Smith-McConnell was the next of kin...

62. Todd T. Thompson, funeral director, in both his role as funeral director and as an employee of the Todd T. Thompson Funeral Home, failed to notify Brian C. Smith-McConnell of the passing of his mother or the scheduled date and time for services, failed to include him in the planning of his mother's memorial services, failed to include any of his wishes in the memorial services as a result of failing to speak with him at any time prior to the services, failed to

include him in any of the planning for graveside services, and failed to include him in the determination of his mother's final resting place.

63. Todd T. Thompson failed to conduct all of the above required actions either knowingly or negligently."[1]

(See Plaintiff's Complaint, ¶¶ 21-24; 27; 53-54; 57; 62-63; & 70-71).

"Generally, to prevail in a negligence case, a plaintiff must demonstrate the following elements: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) a causal relationship between the breach and the resulting injury suffered by the plaintiff; and (4) actual loss suffered by the plaintiff." *Schemberg v. Smicherko*, 85 A.3d 1071, 1073-1074 (Pa. Super. 2014).

The primary element in any negligence cause of action is that of a duty owed by the defendant to the plaintiff. *Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1168 (2000). In order to determine whether a duty exists in a particular case, the court must weigh several factors including: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and

---

[1] The allegations contained in paragraphs 62 & 63 of the Complaint are repeated nearly verbatim in paragraphs 70 & 71.

8

foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution. *Id.* at 1169.

Negligent infliction of emotional distress is recognized as an actionable tort under Pennsylvania law; however, this tort has been limited by court decisions. "In order to recover, the Plaintiff must prove one of four elements: (1) that the Defendant had a contractual or fiduciary duty toward him; (2) that Plaintiff suffered a physical impact; (3) that Plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) that Plaintiff had a contemporaneous perception of tortious injury to a close relative." **Doe v. Philadelphia Community Health Alternatives AIDS Task Force**, 745 A.2d 25, 27 (Pa. Super. 2000); **Toney v. Chester County Hospital**, 961 A.2d 192, 197-198 (Pa. Super. 2008).

In order for there to be a cause of action of negligent infliction of emotional distress, the Plaintiff must be able to demonstrate that he or she is a foreseeable plaintiff and that he or she suffered a physical injury as a result of the defendant's negligence. **Armstrong v. Paoli Memorial Hospital,** 633 A.2d 605, 609 (Pa. Super. 1993); **Toney v. Chester County Hospital,** 961 A.2d 192, 199 (Pa. Super. 2008) citing Restatement (Second) of Torts, §§313 & 436A.

9

The issues to be addressed are as follows:

## 1. Whether Thompson Funeral Home owed a duty to Mr. Smith-McConnell?

In Pennsylvania, when there is no surviving spouse of an intestate deceased, the "next of kin" shall have the sole authority in all matters pertaining to the disposition of the remains of the decedent, absent an allegation of enduring estrangement proven by clear and convincing evidence. **20 Pa. C.S.A. §305(c).**

The law defines "next of kin" as "The spouse and relatives by blood of the deceased in order that they be authorized to succeed to the deceased's estate..." **20 Pa. C.S.A. §305(e).** When there is no surviving spouse, the entire estate of the deceased shall pass first to the issue of the decedent. **20 Pa. C.S.A. §2103(1).** When persons who are entitled to the estate of the deceased other than a surviving spouse are all in the same degree of consanguinity, they are entitled to take in equal shares. **20 Pa. C.S.A. §2104(2).**

10

It is uncontested that Ms. Melinda Curry and Mr. Brian Smith-McConnell are the issue of the decedent and that they are in the same degree of consanguinity, being sister and brother. Thus, pursuant to the law, both Ms. Curry and Mr. Smith-McConnell meet the definition of "next of kin" set forth in 20 Pa. C.S.A. §305(e) and, as such, had equal authority in all matters pertaining to the disposition of the remains of the decedent absent an allegation of estrangement. **20 Pa. C.S.A. §305(c).**

Defendant alleges that Ms. Curry advised that Mr. Smith-McConnell was estranged from the decedent. Plaintiff alleges that he had reconciled with his mother prior to her passing. When estrangement is alleged, as it is here, the appropriate procedure is for the next of kin alleging estrangement to file a petition within 48 hours of the death or discovery of the body of the decedent. **20 Pa. C.S.A. §305(d).** "If two persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to dispose shall be determined by the court, with preference given to the person who had the closest relationship with the deceased..." **20 Pa.C.S.A. §305(d).** Since there was no petition alleging estrangement ever filed by Ms. Curry pursuant to 20 Pa. C.S.A. §305(d), there was no hearing held before the court and no court determination ever made as to whether Ms. Curry could establish a finding of estrangement by clear and convincing evidence, as required by 20 Pa.

11

C.S.A. §305(c).

Clearly, the proper course of action in the case *sub judice* was for Ms. Curry to file a petition alleging estrangement. She did not. The Plaintiff did not name Ms. Curry as a Defendant in this action.

Since we have found fault with Ms. Curry in failing to file a petition with the court alleging estrangement, it begs the question of what duty, if any, did Thompson Funeral Home owe to the Plaintiff?

Plaintiff's allegations of negligence in this case include averments that Defendant was aware of Mr. Smith-McConnell's existence, yet either knowingly or negligently, proceeded to set all burial and funeral arrangements solely through discussions with Ms. Curry, never included Mr. Smith-McConnell in any of these arrangements, and failed to notify Mr. Smith-McConnell of the passing of his mother and the details of any services. (Plaintiff's Complaint, ¶¶ 21-24; 62-63; & 70-71). These allegations can be broken down into two potential duties alleged: 1) the duty to notify, and 2) the duty to include.

### i. Duty to Notify Heir(s)

Defendant asserts that it would be unduly burdensome and onerous to impose upon funeral directors the duty to investigate, uncover, locate, and notify all decedents' next of kin of their passing. This court agrees with such an assertion; however, that is not the factual scenario of the case before us.

Here, it is uncontested that from the beginning of its professional relationship with Ms. Curry, Thompson Funeral Home was made aware of the existence of Mr. Smith-McConnell as brother of Ms. Curry and son of the deceased. There was no need to investigate, uncover the existence of, or locate Mr. Smith-McConnell.

Defendant asserts that its failure to include Mr. Smith-McConnell in the planning of the services was based upon Ms. Curry's representation that it was the decedent's request that Mr. Smith-McConnell not be notified of her passing until after her funeral services had been completed, as Mr. Smith-McConnell was estranged from his mother for a significant period of time prior to her death. (See Defendant's Answer and New Matter; Defendant's Motion for Summary Judgment, ¶¶ 14 & 15).

13

The Defendant asserts that the Plaintiff has not established that the Defendant owed him a duty of care. In his complaint, the Plaintiff cites 20 Pa. C.S.A. §305(c) and 49 Pa. Code §13.201 in an effort to establish that the Defendant was required to notify the Plaintiff of his mother's passing.

20 Pa. C.S.A. §305(c) is located in the Probate, Estate and Fiduciaries Code. This section provides that "the next of kin shall have the sole authority in all matters pertaining to the disposition of the remains of the decedent." This section refers only to the disposition of the remains. There is no reference to notification of relatives. Further, we agree with the Defendant that this provision applies to the rights and obligations of the representatives of the estate and not to third parties. Finally, we also agree with the Defendant that this portion of Pennsylvania statutory law has no direct or express applicability to funeral directors.

The Plaintiff has not presented any case law in Pennsylvania that interprets 20 Pa. C.S.A. §305(c) as imposing a duty on funeral directors to determine the existence and whereabouts of other family members who are on equal standing with the family member who has contacted a funeral director and is in the process of making funeral arrangements. Nor has the Plaintiff presented any case law imposing a duty on

14

funeral directors to reach out to family members of equal standing and invite them to participate in funeral arrangements. If the legislature had intended to impose such a duty (or duties) upon a funeral director under the P.E.F. Code, it could have expressly done so.

Such duty would be onerous in nature and we decline to impose any such duty. One can imagine the practical obstacles if such a duty were to be imposed. What if a decedent had ten children scattered across the country? What if a decedent had heirs on equal footing living in a foreign country? What if a decedent had an heir in prison somewhere? There are any number of factual scenarios that would make fulfilment of such a duty extremely difficult, if not impossible.

49 Pa. Code §13.201 enumerates the responsibilities and duties of licensed funeral directors in connection with a funeral. This statute sets forth the duties imposed upon a funeral director by the law. These duties include the following:

(1) Providing full and factual representation concerning aspects of the services rendered or the funeral furnishings provided.

(2) Counseling the family in the selection of services and furnishings taking into consideration both the wishes of the family and their financial limitations.

15

(3) Maintaining confidentiality of information received during the rendering of service to a family.

(4) Acquainting oneself with the religious practices or customs of families the funeral director serves and adjusting services to conform with their belief.

(5) Releasing the remains to the funeral director chosen by the family, if any, in the most expeditious manner if called upon to remove the remains from an accident or comparable situation, before the family has been contacted.

(6) Providing proper disposal of human remains...

(7) Obtaining and maintaining written authorization from the family of a deceased who is to be cremated.

**49 Pa. Code §13.201.**

There is nothing set forth in 49 Pa. Code §13.201 that applies to the factual scenario we have before us. Likewise, there is nothing in §13.202 that requires a licensed funeral director to locate and obtain the consent of all next of kin who are on equal footing. §13.202 defines unprofessional conduct of a funeral director, setting forth 16 different categories, none of which are applicable herein.

16

### ii. Duty to Advise Ms. Curry to File Petition Alleging Estrangement

A secondary issue is whether Thompson Funeral Home had a duty, under the particular factual circumstances that existed here, to advise or request Ms. Curry to file a petition with the court alleging estrangement. There is no dispute that the right to file such petition rests with the next of kin. **20 Pa. C.S.A. §305(d)(2).**

In the case of *Higgins v. Frank Bonin Funeral Parlor*,[2] the court found that a father's failure to timely file a petition under Pa. C.S.A. §305(d) within 48 hours of the death of his son waived any plausible tort claim he may have based upon a violation of 20 Pa. C.S.A. §305(c). The court noted that, "...The rights of the next of kin are only at issue if...a petition alleging enduring estrangement has been filed and proven..." *Higgins v. Frank Bonin Funeral Parlor*, 629 Fed. Appx. 168, 172 (2015).

In the *Higgins* case, it was the father's failure to timely file the petition that was his demise. Similarly, in the case *sub judice,* it was Ms. Curry's failure to file such a petition and notify Mr. Smith-McConnell of the passing of Mrs. Smith that has placed the parties in their current situation. As next of kin on equal footing with Mr. Smith-

---

[2] *Higgins v. Frank Bonin Funeral Parlor*, 629 Fed. Appx. 168 (2015) is a Federal case not selected for publication in West's Federal Reporter. It is cited in this opinion solely for its persuasive value and is not precedential in any manner.

McConnell and with full knowledge of his existence and rights, it was incumbent upon Ms. Curry to file a petition alleging estrangement under 20 Pa. C.S.A. §305(d) if she did not want him to be included in the selection and implementation of funeral and burial services.

Thus, the inquiry becomes limited to the question of whether Thompson Funeral Home was under a duty to specifically request or mandate Ms. Curry to file a petition alleging estrangement with the court under 20 Pa.C.S.A. §305(d).

In order to answer the question posed above, we will consider the factors used to determine whether a duty exists, as outlined in *Althaus ex rel. Althaus, supra*, 756 A.2d 1166.

The *Althaus* factors are as follows:

(1) *the relationship between the parties:* The Plaintiff is the son of the decedent and "next of kin" to the decedent. Ms. Curry engaged in a professional relationship with Thompson Funeral Home to provide funeral and burial services. There was no relationship between the Plaintiff and the Defendant.

(2) *the social utility of the actor's conduct:* Thompson Funeral Home, as do other funeral homes and funeral directors, provides a great social utility by virtue of

18

the funeral and burial services they render to a family who is mourning the loss of a loved one.

(3)     *the nature of the risk imposed and the foreseeability of the harm incurred.* A funeral home and a funeral director provide funeral and burial services to a family. They are under no duty to provide legal advice. There is nothing set forth in 49 Pa. Code §13.201 that imposes any duty upon a licensed funeral director to advise or mandate to an heir who alleges estrangement to file a petition with the court under 20 Pa. C.S.A. §305(d). The Plaintiff has not presented any controlling authority to the court that imposes such a duty upon Thompson Funeral Home.

(4)     *the consequences of imposing a duty upon the actor:* To impose a duty upon a licensed funeral director to mandate that every heir alleging estrangement regarding next of kin on equal footing first file a petition under 20 Pa. C.S.A. §305(d) before rendering any funeral or burial services would result in such funeral director and funeral home being brought into the middle of any such family's disharmony and conflict. In addition, such would result in a delay in the rendering of services until after a petition is filed, a hearing is held and a court decision rendered. Such delay could potentially take weeks, if not months. Further, there exists any

19

number of potential factual scenarios that would make it unduly burdensome to impose such a duty upon a funeral director, some of which were mentioned above.

*(5)    the overall public interest in the proposed solution:* We cannot imagine there is any public interest in embroiling a funeral home and funeral director in the middle of family strife and disharmony. Such could even be potentially dangerous in situations wherein family members may have violent propensities.

There is already a procedure available to heirs to seek court intervention when estrangement is alleged. The duty to file a petition under 20 Pa. C.S.A. §305(d) rests where it should, i.e., upon the next of kin, and not the funeral director.

## 2. Whether this case falls it into one of the four categories of Negligent Infliction of Emotional Distress in which recovery is appropriate?

In order to recover on a claim of negligent infliction of emotional distress, "the Plaintiff must prove one of four elements: (1) that the Defendant had a contractual or fiduciary duty toward him; (2) that Plaintiff suffered a physical impact; (3) that Plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or (4) that Plaintiff had a contemporaneous perception of tortious injury to a close relative." *Doe v. Philadelphia Community Health Alternatives AIDS Task Force,* 745 A.2d 25, 27

(Pa. Super. 2000); *Toney v. Chester County Hospital* 961 A.2d 192, 197-198 (Pa. Super. 2008).

There are no facts alleged in any portion of the record that Mr. Smith-McConnell was in a "zone of danger" in which he was at risk of an immediate physical injury. Similarly, there are no allegations contained in the record that Mr. Smith-McConnell had a contemporaneous perception of a tortious injury to a close relative.

Though Plaintiff alleges that he suffered a physical impact, such an allegation is without merit. The physical impact rule requires that the plaintiff sustain a bodily injury, however minor, which is then accompanied by fright or mental suffering. *Brown v. Philadelphia College of Osteopathic Medicine*, 674 A.2d 1130, 1135-1136 (Pa. Super. 1996). There are no allegations in the record that Mr. Smith-McConnell suffered any type of substantive bodily injury. On the contrary, it is Mr. Smith-McConnell's absence which is alleged to have caused the impact. Such a contention is not sufficient to meet the impact rule. Thus, three out of the four above scenarios presented are inapplicable in the present case before us. This leaves us with the fourth scenario: a contractual or fiduciary duty.

Pennsylvania courts "have recognized recovery in situations where the defendant owes the plaintiff a pre-existing duty of care, either through contract or a fiduciary duty, and breach of that duty caused the emotional distress alleged." *Hunger v. Grand Central Sanitation*, 670 A.2d 173, 183 (Pa. Super. 1996) (Beck, J., concurring).

Cases in which the court found the existence of a contractual or fiduciary duty supporting a claim of negligent infliction of emotional distress include the following: defendant hospital owed a preexisting duty to a mother who was at all relevant times under the medical care and treatment of the defendant hospital *(Toney v. Chester County Hospital, supra*, 961 A.2d at 198); a woman was owed a preexisting duty by the psychiatric care facility at which she was a patient *(Crivellaro v. Pennsylvania Power & Light Co.*, 491 A.2d 207 (Pa. Super 1985)); a psychologist owed a professional duty of care in the nature of a fiduciary duty to his patient *(Corbett v. Morgenstern*, 934 F.Supp. 680, 683 (E D. Pa. 1996)); the parties were in an express contractual relationship, and defendants owed a preexisting duty of care under the terms of the contract *(Cruz v. Roberts,* 70 Pa. D. & C. 4th 225, 232 (Pa. Ct. Com. Pl. 2005)).

22

No preexisting duty was found when a hospital misinformed a wife that her husband had sustained life-threatening injuries in an accident when the patient turned out not to be her husband and the wife was not a patient of the hospital. *Armstrong v. Paoli Memorial Hospital, supra,* 633 A.2d 605.

Pursuant to the standard necessarily applied for a motion for summary judgment, this court must determine whether there are any genuine issues of material fact as to whether a contractual or fiduciary relationship existed between Thompson Funeral Home and Mr. Smith-McConnell. The facts are uncontested that Ms. Curry took possession of the decedent's body upon her passing (Pl. Compl., ¶ 20; Defendant's Answer, ¶ 20) and that she solely made the funeral and burial arrangements with Thompson Funeral Home, never including Mr. Smith-McConnell. (Plaintiff's Complaint; ¶ 23). These facts demonstrate that Thompson Funeral Home was not in any express contractual or fiduciary relationship with Mr. Smith-McConnell.

The facts in the present case are not analogous to any of the cases in which the courts have found a preexisting contractual or fiduciary duty. Mr. Smith-McConnell was not in the care of Thompson Funeral Home, was not a patient of Thompson Funeral Home, and did not expressly rely on any guarantees, advice, or the like given to him by Thompson Funeral Home. In fact, Plaintiff concedes in his

23

brief that, "...there was no prior relationship between Plaintiff and Defendant." (Plaintiff's Brief in Support, pg. 18). As such, there was no contractual or fiduciary relationship between Thompson Funeral Home and Mr. Smith-McConnell.

Plaintiff alleges that an implied contractual relationship should be found as an extension of Ms. Curry's contractual relationship with Thompson Funeral Home due to Mr. Smith-McConnell's status as her brother. Finding such a relationship in this situation would risk "opening the floodgates of litigation in Pennsylvania." See **Armstrong v. Paoli Memorial Hosp., supra.** This court declines to do so.

In consideration of the foregoing, we enter the following Order:

24